UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:20-cv-81307

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

        Plaintiff,

v.

PALM BEACH REAL ESTATE, INC. and TARA EDEN PEARL,

        Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. by and through its undersigned counsel, brings this Complaint against Defendants PALM BEACH REAL ESTATE, INC. and TARA EDEN PEARL for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. ("AAP"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute AAP's original copyrighted works of authorship.

2. AAP provides high-end real estate photography services to real estate brokers and agents in South Florida.

3. Robert Stevens is AAP's principal photographer and its founder. Mr. Stevens' work is sought after by real estate professionals throughout South Florida. For the past eight

years, Stevens has photographed some of the most expensive real estate listings in U.S. history, including Donald Trump's mega-mansion in Palm Beach listed for $125 million. From Palm Beach to California, the Bahamas and New York, Stevens has been contracted to photograph the estates of Madonna, Celine Dion, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Bill Gates, Tommy Lee Jones, Bryant Gumble and Chris Evert.

4. Defendant PALM BEACH REAL ESTATE, INC. ("PBRE") is a licensed real estate corporation and broker. At all times relevant herein, PBRE owned and operated the website at the URL www.palmbeachrealestateinc.com (the "Website"). PBRE advertises that it specializes in luxury oceanfront and lakefront homes from Vero Beach to Miami.

5. Defendant TARA EDEN PEARL ("Pearl") is the owner and licensed broker of PBRE.

6. Defendants PBRE and Pearl are collectively referred to herein as "Defendants."

7. AAP alleges that PBRE copied AAP's copyrighted Works from the internet in order to advertise, market and promote its business activities. PBRE committed the violations alleged in connection with PBREs' business for purposes of advertising and promoting sales to the public in the course and scope of PBREs' business.

## JURISDICTION AND VENUE

8. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

9. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

10. Defendants are subject to personal jurisdiction in Florida.

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANT

12. Palm Beach Real Estate, Inc. is a Florida corporation, with its principal place of business at 189 Bradley Place, Suite S, Palm Beach, Florida, 33480, and can be served by serving its Registered Agent, Ms. Tara Pearl, at the same address.

13. Tara Eden Pearl is an individual residing in Palm Beach County, state of Florida, and can be served at 189 Bradley Place, Suite S, Palm Beach, Florida, 33480.

## THE COPYRIGHTED WORKS AT ISSUE

14. AAP created three photographs entitled "Palm Beach Island Sunrise 2011 AAP, Nov. 22, 2011" ("Sunrise Work"), "3813 N Ocean Blvd low aerial 2016 AAP" ("3813 N Ocean Work "), and "Palm Beach Biltmore Aerial C 2011 AAP, Jun. 11, 2011" ("Biltmore Work") which are shown below and referred to herein as the "Works".



Palm Beach Island Sunrise 2011 AAP, Nov. 22, 2011



3813 N Ocean Blvd low aerial 2016 AAP



Palm Beach Biltmore Aerial C 2011 AAP, Jun. 11, 2011

15. At the time AAP created the Works, AAP applied copyright management information to each of the Works consisting of the copyright symbol (©) "AAP," the year created and "All rights reserved" to the bottom of the Works.

16. AAP registered the Works with the Register of Copyrights on September 16, 2015 and was assigned the registration numbers VA 1-970-038, VA 2-107-890, and VA 2-092-956 respectively. The Certificates of Registration is attached hereto as Exhibit 1.

17. At all relevant times AAP was the owner of the copyrighted Works at issue in this case.

## INFRINGEMENT BY DEFENDANTS

18. Defendants have never been licensed to use the Works at issue in this action for any purpose.

19. On a date after the Works at issue in this action were created, but prior to the filing of this action, Defendants copied the Works.

20. Defendants copied AAP's copyrighted Works without AAP's permission.

21. After Defendants copied the Works, they made further copies and distributed the Works on the internet to promote the sale of goods and services as part of their real estate brokerage business.

22. Defendants copied AAP's 3813 N Ocean Work and distributed it in an advertisement in the July 2018 Palm Beach Real Estate Guide, for the property located at 3813 North Ocean Boulevard.

23. Defendants copied and distributed AAP's Sunrise Work on the social media website Facebook.

24. Defendants copied and distributed AAP's Biltmore Work on its Website.

25. Defendants copied and distributed AAP's copyrighted Works in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

26. AAP's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

27. Defendants committed copyright infringement of the Works as evidenced by the documents attached hereto as Exhibit 2.

28. AAP never gave Defendants permission or authority to copy, distribute or display the Works at issue in this case.

29. AAP notified Defendants of the allegations set forth herein on July 22, 2019 and October 1, 2019. To date, Defendants have failed to respond to Plaintiff's Notices. Copies of the Notices to Defendants are attached hereto as Exhibit 3.

30. When Defendants copied and displayed the Works at issue in this case, Defendants removed AAP's copyright management information from the Works.

31. AAP never gave Defendants permission or authority to remove copyright management information from the Works at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

32. Plaintiff incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. AAP owns valid copyrights in the Works at issue in this case.

34. AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

35. Defendants copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

36. Defendants performed the acts alleged in the course and scope of its business activities.

37. Defendants' acts were willful.

38. AAP has been damaged.

39. The harm caused to AAP has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

40. Plaintiff incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

41. The Works at issue in this case contain copyright management information ("CMI").

42. Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Works at issue in this action in violation of 17 U.S.C. § 1202(b).

43. Defendants committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of AAP's rights in the Works at issue in this action protected under the Copyright Act.

44. Defendants caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of AAP's rights in the Works at issue in this action protected under the Copyright Act.

45. Defendants' acts were willful.

46. AAP has been damaged.

47. The harm caused to AAP has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendants Palm Beach Real Estate, Inc. and Tara Eden Pearl that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203.

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded pre and post-judgment interest; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: August 12, 2020                    Respectfully submitted,

>                    */s/Joel B. Rothman*
>                    JOEL B. ROTHMAN
>                    Florida Bar No.: 98220
>                    joel.rothman@sriplaw.com
>                    CRAIG A. WIRTH
>                    Florida Bar Number: 125322
>                    craig.wirth@sriplaw.com
>                    MEIR TEITELBAUM
>                    Florida Bar Number: 1022915

meir.teitelbaum@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Affordable Aerial Photography, Inc.*